E. GRADY JOLLY, Circuit Judge,
concurring:
I concur in the result reached by the panel majority and agree that Total’s claims are due to be dismissed as not yet ripe.
I write separately because of my concerns with the majority’s reliance on Energy Transfer Partners, L.P. (“ETP”) v. FERC, 567 F.3d 134 (5th Cir. 2009). I am not convinced that case necessarily controls our analysis. The difference between that case and the posture of this case is fundamentally different. There, ETP filed an interlocutory petition for appellate court review pursuant to § 19 of the NGA, 15 U.S.C. § 717r. ETP, 567 F.3d at 139-40. The court “analyze[d] whether this petition for review should proceed under § 19(b) of the NGA and the precedents construing and applying that statute.” Id. at 139. The question presented by a § 19(b) petition— the question of “ripeness of agency action for judicial review” — is analyzed under the factors distilled from Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). See ETP, 567 F.3d at 139-140.
By contrast, the issue here arises from a declaratory judgment action. The question in this declaratory judgment action is whether there is a “case or controversy” sufficient to establish Article III jurisdiction. See Orix Credit All., 212 F.3d at 896. Indeed, the panel majority properly acknowledges that ETP involved a distinct inquiry, see supra at 337 (“This ripeness analysis [in ETP] is not identical to the analysis for declaratory judgment actions that we outlined above.”), but would nevertheless shoehorn this case into ETP’s holding.
Because the ETP court applied a different standard from the standard that must be applied to this case, I would not rely on that case so much, but would instead sim *340 ply ask whether there is “a substantial controversy of sufficient immediacy and reality ... between parties having adverse legal interests[?]” Orix, 212 F.3d at 896 (citations and quotations omitted).
I would respond “no” to this question and conclude that the case is not ripe for review. As the majority notes, “FERC is authorized to conduct a proceeding regarding the alleged violation and penalty prior to any action being brought in the district court.” Supra at 338. FERC is, under the statute, given broad authority to “assess! ]” a penalty “after notice and opportunity for public hearing.” NGA § 22, 15 U.S.C. § 717t-l; see also NGA § 15, 15 U.S.C. § 717n. Even assuming that Total is correct in its argument that it is entitled to de novo review of the penalty assessment in district court, no penalty can be said to have been “assessed” until the conclusion of all FERC proceedings. See NGA § 22 (“The penalty shall be assessed by the Commission after notice and opportunity for'public hearing.”) (emphasis added). After the “assessment,” Total may choose to either (1) challenge the finding through an NGA § 19 petition, or (2) wait for FERC to bring an action for enforcement pursuant to NGA § 24, 15 U.S.C. § 717u, and then raise its arguments that it is entitled to de novo adjudication in the district court now that FERC has “assessed” the “proposed” penalty.
In other words, even assuming that Total is correct on the merits of this case, it still does not have standing because the FERC proceedings up to this point are not ultra-vires. Total cites no authority for the proposition that subjecting a party to an arguably inefficient though not ultra-vires proceeding may constitute an injury sufficient to give rise to an Article III case or controversy. Cf. Sea-Land Serv., Inc. v. Dep’t of Transp., 137 F.3d 640, 648 (D.C. Cir. 1998); Stolt-Nielsen S.A. v. Animal-Feeds Int’l Corp., 559 U.S. 662, 671 n.2, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010).
Accordingly, I concur in the judgment reached by the majority.